IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AMERICAN UNITED LIFE<br>INSURANCE COMPANY<br><br>    Plaintiff,<br><br>v.<br><br>NIKEYA SERICA COLE and<br>MARIA R. JONES as Guardian of<br>The Estates of B.L.F., S.R.F., and<br>S.B.F, minor children<br><br>    Defendants. | **COMPLAINT IN INTERPLEADER** |

Now comes Plaintiff-in-Interpleader American United Life Insurance Company ("AUL") and brings its Complaint in Interpleader, showing the Court the following:

**Parties**

1. AUL is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana.

2. On information and belief, Defendant Nikeya Serica Cole ("Ms. Cole") is the surviving spouse of Decedent LaMar JaMond Fullwood ("Mr. Fullwood").

3. On information and belief, Ms. Cole a resident of Wake County, North Carolina, and is subject to the jurisdiction of this Court.

3. Defendant Maria R. Jones ("Ms. Jones") is the duly appointed guardian of the estates of Mr. Fullwood's three minor children – B.L.F., S.R.F., and S.B.F – pursuant to Letters of Guardianship issued by the Superior Court of Hertford County, North Carolina, and is subject to the jurisdiction of this Court.

## Jurisdiction and Venue

4. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5. Alternatively, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 and Fed. R. Civ. P. 22 because (a) AUL and the Defendants are citizens of different states and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because some or all of the Defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

## Facts

7. AUL issued Group Policy No. G 000618574-0000-000 ("the Basic Group Policy"), a Group Term Life Insurance Policy, to Alliance Health as Group Policyholder to fund basic life insurance and accidental death and dismemberment ("AD&D") insurance coverage under an employee welfare benefit plan ("the Plan") established and maintained by Alliance Health and governed by ERISA. A copy of the Basic Group Policy is attached ad **Exhibit A**.

8. AUL issued Group Policy G 2535(T) F ("the Voluntary Group Policy") to Fifth Third Bank, Indiana, Trustee for The American Life Group Insurance Trust for the Finance Industry as Group Policyholder.

9. AUL issued a Certificate of Insurance to Alliance Health as a Participating Unit under the Voluntary Group Policy with Participating Unit Number G 000618574-0000-000 ("the Certificate of Insurance"), to fund voluntary supplemental life insurance and AD&D insurance

coverage under the Plan. A copy of the Certificate of Insurance is attached as **Exhibit B**.

10. Mr. Fullwood was an employee of Alliance Health, was a participant in the Plan, and was covered under the Basic Group Policy and the Certificate of Insurance (collectively "the Plan Documents").

11. AUL as claims fiduciary, must administer claims in accordance with ERISA and the applicable Plan Documents.

12. ERISA defines a beneficiary as "[a] person designated by a participant or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13. The Basic Group Policy provides Alliance Health's eligible employees with basic life insurance coverage in the amount of: "One Times The Annual Base Salary, Then Rounded Up To The Next Higher $1000 With a Minimum of $10,000 And A Maximum of $250,000." (**Exhibit A**, p. G 2510.2.)

14. The Certificate of Insurance provides Alliance Health's eligible employees with voluntary supplemental life insurance coverage as follows: "The Life Amount is a flat amount available in $10,000 increments. The minimum Life Amount is $10,000. The maximum Life Amount is $500,000, or five times the Employee's Annual Base Salary, then rounded up to the next $10,000, whichever is less." (**Exhibit B**, GC 2535.2.)

15. The Basic Group Policy defines "BENEFICIARY" to mean "the individual, individuals or entity named by the Employee to receive his Life Amount." (**Exhibit A**, p. G 2510.18.) The Basic Group Policy further provides: "Unless this policy provides otherwise, AUL will pay benefits according to the Employee's Beneficiary designation." (*Id.*)

16. Similarly, the Certificate of Insurance defines "BENEFICIARY" to mean "the

individual, individuals or entity named by the You to receive Your Life Amount." (**Exhibit B**, p. GC 2535.25.) The Certificate of Insurance further provides: "Unless this policy provides otherwise, AUL will pay benefits according to Your Beneficiary designation." (*Id.*)

17. Mr. Fullwood passed away on May 30, 2022. A copy of the Certificate of Death is attached as **Exhibit C**.

18. AUL received a Group Life Insurance Claim Form ("the Claim Form") from Alliance Health dated June 17, 2022. A copy of the Claim Form dated June 17, 2022 is attached as **Exhibit D**.

19. The Claim Form provided Mr. Fullwood's Gross Annual Salary, which was $55,135.99. However, the "Date of Last Salary Change" was listed as September 5, 2020, which was after Mr. Fullwood had been approved for Waiver of Premium for Total Disability.

20. According to the Basic Group Policy, if an Employee is not Actively at Work on the date of a change in coverage increasing the amount of coverage (such as a salary increase), the increased coverage becomes effective the first day of the Coverage Month following the employee's Return to Active Work. (**Exhibit A**, p. G 2510.8.)

21. Mr. Fullwood never returned to Active Work, so his basic life insurance coverage is determined based on his salary as of his last day worked, which was March 6, 2020. At that time, Mr. Fullwood's Gross Annual Salary was $53,788.80. As such, Mr. Fullwood had $54,000 in life insurance coverage under the Basic Group Policy.

22. The Claim Form also indicated that Mr. Fullwood had elected $250,000 in voluntary supplemental life insurance coverage under the Certificate of Insurance.

23. Consequently, the total amount of basic and supplemental life insurance benefits payable under the Plan ("the Plan Benefits") by reason of Mr. Fullwood's death equals $304,000.

24. The Claim Form listed the beneficiaries of the Plan Benefits as B.L.F., S.R.F., and S.B.F, Mr. Fullwood's minor children.

25. Alliance Health also provided AUL with a Benefits Confirmation Statement for Mr. Fullwood showing that his minor children were designated as Primary Beneficiaries for his Basic Employee Life and Voluntary Employee Life benefits as follows:

"[B.L.F.] (33.33%) – Primary"
"[S.R.F.] (33.33%) – Primary"
"[S.B.F] (33.34%) – Primary"

26. A copy of the Benefits Confirmation Statement provided by Alliance Health with the Claim Form is attached as **Exhibit E**.

27. On September 13, 2022, Ms. Cole filed a Petition for Elective Share ("the Petition") in the Superior Court of Wake County North Carolina. A copy of the Petition is attached as **Exhibit F**.

28. According to the Petition, Ms. Cole and Mr. Fullwood got married three days prior to Mr. Fullwood's death, on May 27, 2022. (**Exhibit F**, ¶ 3.)

29. The Petition requested a standstill order directing, among other things, that AUL not pay the Plan Benefits according to the provisions of the Plan Documents "until payment of the elective share has been determined." (**Exhibit F**, pp. 1-2, Wherefore Clause.)

30. Pursuant to the Petition, the Assistant Clerk of Superior Court for Wake County entered a Standstill Order on October 11, 2022, prohibiting AUL from paying the Plan Benefits in accordance with the provisions of Plan Documents. A copy of the Standstill Order is attached as **Exhibit G**.

32. Counsel for Ms. Cole served a Subpoena on AUL dated October 19, 2022, along with copies of the Petition and the Standstill Order. A copy of the Subpoena is attached as **Exhibit**

**H**.

33. Ms. Jones was appointed as the Guardian of the Estate of B.L.F on January 10, 2023 and obtained a Taxpayer Identification Number ("TIN") for "[B.L.F.] Guardianship" on January 26, 2023. Copies of the Letters of Guardianship of the Estate of a Minor, documentation from the IRS, and W-9 Form for B.L.F. Guardianship submitted by Ms. Jones to AUL on January 26, 2023 are attached as **Exhibit I**.

34. Ms. Jones was appointed as the Guardian of the Estate of S.R.F on January 10, 2023 and obtained a TIN for "[S.R.F.] Guardianship" on January 26, 2023. Copies of the Letters of Guardianship of the Estate of a Minor, documentation from the IRS, and W-9 Form for S.R.F. Guardianship submitted by Ms. Jones to AUL on January 26, 2023 are attached as **Exhibit J**.

35. Ms. Jones was appointed as the Guardian of the Estate of S.R.F on January 10, 2023 and obtained a TIN for "[S.B.F.] Guardianship" on January 26, 2023. Copies of the Letters of Guardianship of the Estate of a Minor, documentation from the IRS, and W-9 Form for S.B.F. Guardianship submitted by Ms. Jones to AUL on January 26, 2023 are attached as **Exhibit K**.

36. Ms. Jones has asserted a claim for the Plan Benefits on behalf of B.L.F. Guardianship, S.R.F. Guardianship, and S.B.F. Guardianship.

37. Counsel for AUL contacted Counsel for Ms. Cole to determine whether Ms. Cole was asserting a claim to the Plan Benefits given the fact that the designated beneficiaries are B.L.F., S.R.F., and S.B.F. Counsel for Ms. Cole confirmed Ms. Cole's contention that she is entitled to a percentage of the Plan Benefits regardless of whether they are part of Mr. Fullwood's estate.

## Cause of Action in Interpleader

38. AUL adopts and incorporates Paragraphs 1 through 37 above as if set forth herein verbatim.

39. AUL may be exposed to multiple liability or litigation unless the Plan Benefits, plus any applicable interest, are deposited into the Registry of this Court and the correct beneficiary or beneficiaries are determined by this Court.

40. Specifically, on the one hand, AUL has a statutory duty under ERISA to pay the Plan Benefits in conformity with the Plan Documents. *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009). On the other hand, AUL would have to violate the Standstill Order entered in the Superior Court of Wake County to pay the Plan Benefits to the designated beneficiaries pursuant to the Plan's provisions. (*See* **Exhibit G**.)

41. As a mere stakeholder, AUL has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action).

42. AUL therefore respectfully requests that this Court allow this interpleader action to proceed, and to determine to whom the Plan Benefits should be paid.

43. AUL is ready, willing, and able to pay the Plan Benefits in accordance with the Plan Documents, or in such amounts and to whichever Defendants the Court shall designate.

44. AUL will deposit the Plan Benefits, plus any applicable interest, into the Registry of the Court for ultimate disposition in accordance with the Judgment of this Court.

WHEREFORE, AUL requests that this Court enter judgment as follows:

(a) Restraining and enjoining Defendants by Order and Injunction of this Court from instituting or prosecuting any action or proceeding in any state or United States court against AUL, Alliance Health, or the Plan for the recovery of the Plan Benefits, plus any applicable interest, by reason of the death of Mr. Fullwood;

(b) Requiring that Defendants litigate or settle and agree between

themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(c) Permitting AUL to pay into the Registry of the Court the Plan Benefits, any applicable interest;

(d) Dismissing AUL with prejudice from this action and discharging AUL, Alliance Health, and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest, into the Registry of this Court, or as otherwise directed by this Court;

(e) Awarding AUL its costs and attorney's fees; and

(f) Awarding AUL such other and further relief as this Court deems just, equitable, and proper.

February 15, 2023.

Respectfully submitted by,

 /s/ *Gemma L. Saluta*
Gemma L. Saluta
NC State Bar No. 37032
Womble Bond Dickinson (US) LLP
One W. 4th Street
Winston-Salem, NC 27101
Telphone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Gemma.Saluta@wbd-us.com

*Counsel for Plaintiff*