IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-cv-00071-M-RJ

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| NIKEYA SERICA COLE and MARIA R. JONES as Guardian of The Estates of B.L.F., S.R.F., and S.B.F, minor children, | ) ) ) ) ) |
| Defendants. | ) |

## STATUS OF SETTLEMENT and
## MOTION FOR APPROVAL OF SETTLEMENT

NOW COME THE PARTIES, and pursuant to the Orders by this Court of August 10, 2023, August 24, 2023, September 5, 2023, and September 18, 2023 submit this Status Report, and Defendant Maria Jones as Guardian of the Estates of B.L.F., S.R.F. and S.B.F., with the consent of all parties, submits this Motion for Approval of Settlement pursuant to Local Rule 17.1 The Parties show the Court the following:

1. AUL brought this interpleader action on February 15, 2023, due to conflicting claims to life insurance benefits payable under an employee welfare benefit plan by reason of the death of Decedent LaMar JaMond Fullwood, naming Nikeya Serica Cole and Maria R. Jones, as Guardian of the Estates of B.L.F, S.R.F., and S.B.F., decedent's minor children, as Defendants. [*See generally* D.E. 1].

2. Defendant Nikeya Serica Cole ("Ms. Cole") is the surviving spouse of Decedent LaMar JaMond Fullwood ("Mr. Fullwood").

3. Defendant Maria R. Jones ("Ms. Jones") is the duly appointed guardian of the estates of Mr. Fullwood's three minor children – B.L.F., S.R.F., and S.B.F – pursuant to Letters of Guardianship issued by the Superior Court of Hertford County, North Carolina.

4. Plaintiff-in-Interpleader American United Life Insurance Company ("AUL") issued a Basic Group Life Insurance Policy and a Voluntary Group Life Insurance Policy to Mr. Fullwood's employer, Alliance Health. Mr. Fullwood was a participant in employee welfare benefit plan (the "Plan"), and at the time of his death, was covered under both the Basic Group Life Insurance Policy and the Voluntary Group Life Insurance Policy.

5. The total amount of basic and supplemental life insurance benefits payable under the Plan ("the Plan Benefits") by reason of Mr. Fullwood's death equals $304,000.

6. For his insurance policies, Mr. Fullwood designated his three minor children as beneficiaries with percentage shares as follows:

"[B.L.F.] (33.33%) – Primary"

"[S.R.F.] (33.33%) – Primary"

"[S.B.F] (33.34%) – Primary"

7. Shortly before Mr. Fullwood's death, Mr. Fullwood married Defendant Cole.

8. After his death, on September 13, 2022, Ms. Cole filed a Petition for Elective Share ("the Petition") in the Superior Court of Wake County, North Carolina. In her petition, she specifically requested that the life insurance benefits not be paid, and a standstill order issued on October 19, 2022 prohibiting any Responsible Person as defined by statute from disposing assets of the estate.

9. After initiation and service of all parties of the Complaint-In-Interpleader, Defendant Cole answered the complaint, filed a cross-claim against Defendant Jones, and filed a

2

motion to dismiss. [D.E. 18, 20].

10. In the Rule 26(f) meeting among the parties, the parties discussed whether early resolution of this case was possible. At that time, Defendant Cole stated that she would be satisfied settling the claim for 15% of the proceeds and no additional claims for fees or costs.

11. The North Carolina statutes establish that for marriages of less than five years, a surviving spouse's elective share is 15%. N.C. Gen. Stat. § 30-3.1.

12. The dispute between Defendant Jones, as guardian of the minor children, and Ms. Cole was whether Ms. Cole would be entitled to an elective share given: (1) the circumstances of the marriage shortly before the death of Mr. Fullwood; and (2) whether ERISA preempts North Carolina's state law that changes a plan participant's beneficiary designation under *Egelhoff v. Egelhoff,* 532 U.S. 141, 147 (2001).

13. Ms. Cole's contention is that the elective share statute specifically includes assets such as life insurance assets or assets regarding employee benefits when the decedent had the power to designate the surviving spouse as a beneficiary. N.C. Gen. Stat. § 30-3.2.

14. Based on resolution of this matter in accordance with N.C. Gen. Stat. § 30-3.2(3f)(b) and (d), Defendant Maria Jones determined that this was a fair and reasonable settlement offer.

15. AUL requested from Ms. Jones and Ms. Cole that it recover a portion of its reasonable fees for bring this matter. The parties agreed that AUL could recover a negotiated fee amount of $9,500.

16. AUL filed a Notice of Settlement on June 30, 2023, advising the Court that the Parties had come to an agreement regarding settlement.

17. Due to a delay in drafting the settlement documents, the settlement documents were

not finalized until around July 25, 2023.

18. Once the language was finalized, the parties began executing the documents, and upon execution AUL issued checks, which were sent to Ms. Cole and Ms. Jones at the beginning of August. Ms. Jones has not disbursed any amounts to the guardianships of the minors and will not until the Court's review of these documents.

19. The parties understand at this juncture, that submitting the documents to the Court for review before execution would have been more efficient;[1] however, Defendant Maria Jones, pursuant to Local Rule 17.1, moves the Court, with the consent of all parties to approve the settlement reached by the parties.

20. The settlement is in the best interest of the minors as the dispute between Ms. Cole and Ms. Jones requires both resolution of disputed legal interpretation (how ERISA preemption interacts with North Carolina statutes that address employee welfare benefits and life insurance) and disputed facts (the circumstances surround the marriage of Mr. Fullwood and Ms. Cole near the end of his life). Further, prolonged litigation involving those disputed facts may have lasting impact on the minors' interpersonal development, self-esteem, and family relationships.

21. The amount received by the minors is also reasonable. Out of the $304,000 in dispute, the minors will receive $250,325 plus accrued interest on that sum. This means, each minor would receive $83,441.66 plus accrued interest on that sum.

22. Pursuant to Local Rule 17.1, Shannon Ruffin, the parent of all three minors, was consulted to see if she would consent. On September 20, 2023, Ms. Ruffin confirmed her consent

---

[1] Local Rule 17.1 addresses settlements when a minor is a party. In this case, Maria Jones, an adult, was named as a party in her capacity as Guardian of the Estates of the Minors. Nevertheless, the parties in agreement and pursuant to the Order of the Court, submit these documents pursuant to Local Rule 17.1.

to the settlement.

23. The Parties agree that they are properly represented and properly before the court. There are no questions as to the misjoinder or non-joinder of the parties. The parties agree that they have jurisdiction over the subject matter of the case.

24. The settlement document has been submitted for the Court's consideration [D.E. 31-1].

WHEREAS Defendant Jones, as Guardian of the Estates of B.L.F, S.R.F., and S.B.F., minor children, desires to resolve this controversy without further delay or expense and therefore seeks approval of the settlement. A proposed Order of Approval is attached.

This 22nd day of September, 2023.

/s/ Nikole M. Crow
Nikole M. Crow
GA State Bar No. 198359
(*by Special Appearance*)
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, N.W., Suite 2400
Atlanta GA 30363-1017
Telephone (404) 962-7533
Fax (404) 870-8233
Email: Nikole.Crow@wbd-us.com


/s/ Gemma L. Saluta
Gemma L. Saluta
N.C. State Bar No. 37032
(*Local Civil Rule 83.1(d) Counsel*)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3576
Facsimile: (336) 722-9064
Email: Gemma.Saluta@wbd-us.com

*Counsel for Plaintiff*

5

*/s/ Maria Jones by Gemma L. Saluta*
*Signed with permission granted on Sept. 21, 2023*
Maria Jones
*Guardian of the Estates of B.L.F, S.R.F., and S.B.F*


*/s/ Nikeya S. Cole by Gemma L. Saluta*
*Signed with permission granted on Sept. 22, 2023*
Nikeya Serica Cole, *Pro Se*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed using the CM/ECF system, and that a copy of the same was served via U.S. Mail upon:

Maria R. Jones for S.R.F. (a minor)
P.O. Box 448
Murfreesboro, NC 27855

Maria R. Jones for S.B.F. (a minor)
P.O. Box 448
Murfreesboro, NC 27855

Maria R. Jones for B.L.F. (a minor)
P.O. Box 448
Murfreesboro, NC 27855

Nikeya Serica Cole
10010 Platte Crossing #301
Raleigh, NC 27617

This 22nd day of September, 2023.

/s/ *Gemma L. Saluta*
Gemma L. Saluta
N.C. Bar No. 37032
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3576
Facsimile: (336) 722-9064
Email: Gemma.Saluta@wbd-us.com

*Counsel for Plaintiff*

7

Case 5:23-cv-00071-M-RJ   Document 33   Filed 09/22/23   Page 7 of 7