IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-CV-00071-M

| | |
|---|---|
| AMERICAN UNITED LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NIKEYA SERICA COLE and MARIA R. JONES as Guardian of The Estates of B.L.F., S.R.F., and S.B.F, minor children,<br><br>Defendants. | ORDER |

    This matter comes before the court on Plaintiff's motion for approval of settlement [DE 33]. The motion indicates that the parties in this action have resolved the matters in controversy between them and have agreed to settle this matter without trial or adjudication of any issue of fact or law, and without finding or admission of wrongdoing or liability of any kind. Consistent with Local Civil Rule 17.1, the parties further confirm that they are properly represented and are properly before the court, that no questions exist as to misjoinder or nonjoinder of parties, and that the court has jurisdiction over the subject matter and the parties.

    The case involves conflicting claims to life insurance benefits payable under an employee welfare benefit plan by reason of the death of Decedent LaMar JaMond Fullwood. The Complaint names Nikeya Cole, the widow of the deceased, and Maria R. Jones, the Guardian of the Estates of the minor children B.L.F, S.R.F., and S.B.F. The dispute between Ms. Jones and Ms. Cole is whether Ms. Cole would be entitled to an elective share given: (1) the circumstances of the marriage shortly before the death of Mr. Fullwood; and (2) the question of whether ERISA

preempts North Carolina's state law that changes a plan participant's beneficiary designation under *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Ms. Cole's contention is that the elective share statute specifically includes assets such as life insurance assets or assets regarding employee benefits when the decedent had the power to designate the surviving spouse as a beneficiary. N.C. Gen. Stat. § 30-3.2.; *see also* Local Civil Rule 17.1(b)(2) (requiring description "of contentions sufficient to show that no affirmative defenses could clearly be raised in bar of recovery").

The Parties have come to an agreement regarding settlement, which has been submitted to the court for review. DE 31-1. Based on resolution of this matter in accordance with N.C. Gen. Stat. § 30-3.2(3f)(b) and (d), Defendants determined that this was a fair and reasonable settlement. *See* Local Civil Rule 17.1(b)(3). Ms. Shannon Ruffin is the mother of all three minors in this case. She has reviewed the settlement and consents to its approval.

Upon review of the documents, the motion is GRANTED and the settlement among the parties is APPROVED. Within thirty days of the date of this order, the parties shall file the appropriate dismissal document(s) in accordance with the applicable federal and local court rules.

SO ORDERED this 2d day of October, 2023.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

[SIGNATURE PAGES TO FOLLOW]

**CONSENTED TO:**

By: */s/ Gemma L. Saluta*
    Gemma L. Saluta
    Counsel for Plaintiff

By: */s/Maria R. Jones by Gemma Saluta*
    *Signed with Permission granted on Sept. 21, 2023*
    Maria R. Jones for S.R.F. (a minor)

By: */s/Maria R. Jones by Gemma Saluta*
    *Signed with Permission granted on Sept. 21, 2023*
    Maria R. Jones for S.B.F. (a minor)

By: */s/Maria R. Jones by Gemma Saluta*
    *Signed with Permission granted on Sept. 21, 2023*
    Maria R. Jones for B.L.F. (a minor)

By: */s/Nikeya S. Cole by Gemma Saluta*
    *Signed with Permission granted on Sept. 22, 2023*
    Nikeya Serica Cole

By: */s/Shannon Ruffin by Gemma Saluta*
    *Signed with Permission granted on Sept. 20, 2023*
    Shannon Ruffin, Mother to S.R.F, S.B.F. and B.L.F